UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN CUEVAS, | CASE NO. CV F 08-1110 LJO DLB |
| Plaintiff, | **ORDER TO DISMISS ACTION** |
| vs. | |
| GEORGIA-PACIFIC, INC., | |
| Defendant. | |

### BACKGROUND

A January 23, 2009 scheduling order set a February 3, 2010 pretrial conference and a March 22, 2010 jury trial in this court. Pursuant to the scheduling order, the parties were required to file a joint pretrial statement no later than January 27, 2010.

Plaintiff Ruben Cuevas failed to file a pre-trial statement. Plaintiff's attorney, Juan Falcon ("Mr. Falcon"), failed to return phone calls from this Court's chambers seeking information about the status of this action. Defendant Georgia-Pacific filed a January 27, 2010 notice indicating that the case settled approximately one year ago. Although the case had settled, neither party filed dismissal papers.

On January 27, 2010, this Court ordered the parties, no later than March 1, 2010, to filed appropriate papers to dismiss or conclude this action in its entirety. In its order, the Court noted, "Failure to comply with this order may be grounds for the imposition of sanctions on counsel or parties who contributed to violation of this order. *See* Local Rule 160 and Local Rule 272."

On February 26, 2010, defense counsel filed a declaration. In the declaration, defense counsel explains his attempts to contact Mr. Falcon to file dismissal documents. According to defense counsel,

| 1 | Mr. Falcon explained during a January 27, 2010 phone call that his status as an attorney became inactive
| 2 | during the time that the action settled, and had transferred his files to another attorney. Mr. Falcon
| 3 | agreed to contact plaintiff to file a substitution of attorney and dismissal papers. Subsequent to the
| 4 | phone call , Mr. Falcon failed to respond to defense counsel. Accordingly, defense counsel was unable
| 5 | to obtain plaintiff's or Mr. Falcon's signature on a stipulation to dismiss this action.
| 6 | Plaintiff filed no declaration or dismissal papers by March 1, 2010.

### **FAILURE TO COMPLY WITH ORDERS**

| 8 | The parties have failed to comply with this Court's local rule and order. Local Rule 160 requires
| 9 | the parties to inform this Court "immediately" when an action has been settled. Neither party so
| 10 | informed this Court of the settlement. Defense counsel filed his declaration only after a phone call from
| 11 | this Court to determine the whereabouts of the joint pre-trial statement. Plaintiff ignored the January
| 12 | 2009 scheduling order that required the parties to file a pre-trial statement. In addition, Mr. Falcon failed
| 13 | to comply with this Court's January 27, 2010 order to file dismissal papers no later than March 1, 2010.
| 14 | This Court's Local Rule 110 provides that "failure of counsel or of a party to comply with these
| 15 | Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and
| 16 | all sanctions . . . within the inherent power of the Court." District courts have inherent power to control
| 17 | their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate
| 18 | . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may
| 19 | dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g.,*
| 20 | *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule);
| 21 | *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
| 22 | requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal
| 23 | for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone*
| 24 | *v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
| 25 | order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution
| 26 | and failure to comply with local rules).
| 27 | In determining whether to dismiss an action for failure to comply with a court order or local rules
| 28 | or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in resolving expeditiously this litigation and the Court's interest in managing the docket weigh in favor of dismissal as plaintiff indicates a lack of interest to further litigate or prosecute this action. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The January 27, 2010 admonished the parties that "**failure to comply with this order will result in sanctions, including dismissal of this action.**" (emphasis added). Plaintiff ignored this order which gave plaintiff one month to file dismissal papers.

This Court is puzzled why neither party filed a simple notice of settlement, and considers the failure to resolve this action in a timely manner to be an egregious act by both parties. Plaintiff received adequate warning that dismissal will result from disobedience of this Court's order and local rules. Having balanced the factors above, this Court finds that dismissal of this action without prejudice is an appropriate sanction.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court DISMISSES this action without prejudice and DIRECTS the clerk to close this action.

IT IS SO ORDERED.

**Dated:   March 2, 2010**             /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE